**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALICIA ANN KING, *Plaintiff* | § § § | |
| v. | § § § | Case No.  SA-25-CV-00720-XR |
| COMMISSIONER OF SOCIAL SECURITY, *Defendant* | § § § | |

<u>**ORDER ON REPORT AND RECOMMENDATION**</u>

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (ECF No. 13) ("the R&R") and Plaintiff's objections (ECF No. 15). Judge Bemporad recommends that the Court affirm the denial of Plaintiff's application for disability-insurance benefits ("DIB") under Title II of the Social Security Act. After careful consideration, the recommendation is **ACCEPTED** and the decision of the Commissioner is **AFFIRMED**.

**BACKGROUND**

**I. The ALJ Determined that Plaintiff Is Not Disabled**

Plaintiff applied for DIB in February 2023. ECF No. 13 at 2. She was 52 years old with a high school degree and some college. *Id.* She alleged several conditions that began in September 2021, with a last-insured date of December 31, 2024. *Id.*

Administrative Law Judge ("ALJ") Alexis Murdock reviewed Plaintiff's application under the five steps in 20 C.F.R. § 404.1520(a). ECF No. 13 at 2. The ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* The findings at each step are summarized as follows:

> **Step 1:** Plaintiff did not engage in substantial gainful activity since her alleged onset date.

1

**Step 2:** Plaintiff had several severe physical and mental impairments.

**Step 3:** Plaintiff lacks an "impairment or combination of impairments that meets or medically equals the severity of the impairments" in 20 C.F.R. § 404, Subpart P, App. 1. Plaintiff has a residual functional capacity ("RFC") to perform "light" work subject to limitations that include the following: Plaintiff can understand, remember, and carry out detailed but not complex instructions and tasks. *Id*.

**Step 4:** Plaintiff has no past relevant work.

**Step 5:** Based on Plaintiff's RFC and testimony of a vocational expert, there is a significant number of jobs in the national economy that Plaintiff can perform.

ECF No. 13 at 2–3. Given these findings, the ALJ determined that Plaintiff is not disabled.

*Id.* at 3. The Social Security Administration Appeals Council affirmed. *Id.*

**II. Magistrate Judge Bemporad Recommends Affirming the ALJ**

Plaintiff appealed the ALJ's determination to this Court. Her appeal was referred to Magistrate Judge Henry J. Bemporad pursuant to local rules. Judge Bemporad recommends that this Court affirm the ALJ's finding of no disability.

On appeal, Plaintiff presented two grounds for reversible error. First, she argued that the ALJ's RFC determination was inconsistent with the ALJ's finding that Plaintiff suffers from severe mental impairments. Second, Plaintiff contended that the ALJ relied on obsolete occupations to find the Commissioner met his Step-5 burden. Judge Bemporad recommends denying both grounds for reversal.

Plaintiff objected to Judge Bemporad's recommendation as it relates to her first ground for reversal. She did not object to his recommendation related to her second ground. So the Court thus need only address her first argument: That the RFC determination inexplicably contradicts the finding that Plaintiff has severe mental impairments. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

**STANDARD OF REVIEW**

A party may serve and file objections to a Report and Recommendations within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

**DISCUSSION**

Plaintiff contends that Magistrate Judge Bemporad erred in recommending that this Court affirm the ALJ. Plaintiff's position is that the ALJ's determination regarding the RFC and Plaintiff's mental impairment severity contradict each other.

**I. The ALJ Concluded Plaintiff Had a Severe Impairment But Could Execute Detailed Instructions**

The ALJ found at Step 2 that Plaintiff had severe mental impairments due to insomnia, depression, generalized anxiety disorder, and post-traumatic stress disorder. ECF No. 13 at 6. He accordingly determined at Step 3 that Plaintiff is moderately limited in her ability to "concentrate, persist, and maintain pace" with tasks. *Id.* at 7.  Then he set an RFC limiting Plaintiff to executing "detailed but not complex instructions." *Id.*

3

Plaintiff makes two arguments that these findings present a contradiction that warrants remand.

**II. A Severe Mental Impairment at Step 2 Does Not Necessarily Limit an RFC to Basic Work**

Plaintiff argues that these findings are inconsistent because someone who is moderately limited in her ability to concentrate is necessarily incapable of executing detailed instructions. She points to the Social Security Administration's manual describing skilled or semiskilled work. ECF No. 15 at 5–7. When compared to "basic work," semiskilled or skilled work requires "increasing" concentration and persistence. *Id.* at 4. Plaintiff is "moderately" limited in her ability to concentrate and persist. ECF No. 13 at 7. So she argues that she cannot do semiskilled work; in fact, she is even limited in her ability to perform basic work that requires an "ability to understand and remember very short and simple instructions." ECF No. 15 at 4.

This conclusion does not clearly follow. A moderate limitation on the ability to concentrate does not mean an absence of the ability to concentrate. And the ALJ here already incorporated Plaintiff's moderate concentration impairment into the RFC: He found that Plaintiff could not follow complex instructions. ECF No. 13 at 10.

Besides, even if the ALJ had not incorporated this concentration impairment into the RFC, it is not clear that this would require remand. Contrary to Plaintiff's repeated assertions, she fails to "cite authority that mandates remand or an outright award of benefits when there is an inconsistency between a finding of severe mental impairment and the absence of a limitation in performing one of the non-exclusive basic work activities." *Roberts v. Comm'r of Soc. Sec.*, No. 4:24-CV-00930-BP, 2025 WL 1268116, at *4 (N.D. Tex. May 1, 2025). "Based on the facts in this case, the ALJ's mental RFC determination limiting [Plaintiff] to the performance of 'detailed, but not complex job tasks,' does not contradict the ALJ's finding . . . that [Plaintiff] was moderately limited in her ability to maintain concentration, persistence, or pace." *Id.*

As the Magistrate Judge noted, Plaintiff's "argument conflates the second step of the sequential evaluation with the RFC determination." *See Wells v. Saul*, No. 6:20-CV-00014, 2021 WL 4976724, at *8 (S.D. Tex. June 10, 2021), *report and recommendation adopted*, No. 6:20-CV-00014, 2021 WL 4973714 (S.D. Tex. Oct. 25, 2021). "[T]he ALJ's finding that a particular impairment is 'severe' does not require the finding of any specific limitation during consideration of the later steps because a different standard applies." *Id.* (citing 20 C.F.R. § 416.945(c)). Even so, the ALJ "accounted for the limitations caused by [Plaintiff]'s mental impairments by including a limitation that [Plaintiff] could only understand, carry out and remember detailed but not complex instructions." *Id.*; ECF No. 13 at 10. Substantial evidence supported the ALJ's determinations, so they must be affirmed.

## CONCLUSION

The Court **ACCEPTS** Magistrate Judge Bemporad's recommendation. The decision of the Commissioner is **AFFIRMED**. A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this July 2, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE